IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WILLIAM MILLER,

                    Plaintiff,

v.

                                                        Civil Action No.   2:18-00412

LINCOLN COUNTY COMMISSION
d/b/a Lincoln County Sheriff's Department,
GARY LINVILLE, Sheriff, REX CLARK, Chief Deputy,
ANTHONY ADKINS,  Deputy,  ZAC SOWARD,
individually and in their official capacities,
HAMLIN POLICE DEPARTMENT, and
ALAN ASHWORTH, Officer, individually and in
his official capacity as a Hamlin Police Officer,

                    Defendants.

## COMPLAINT

This Complaint, brought pursuant to 42 U.S.C. Section 1983, 1985 & 1988, the

Fourth and Fourteenth Amendments to the United States Constitution, the West

Virginia Constitution, Statutes and common law, arises out of the Defendants'

unjustified and excessive use of force used during the arrest of the Plaintiff on the

31st day of March 2017, in or about the City of Alkol, in Lincoln, West Virginia, within

the Southern District of West Virginia.  The unjustified and excessive force used by the

Defendants' caused serious injury to the Plaintiff and caused severe physical pain.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

## PARTIES

1.  The Plaintiff at all times relevant to this Complaint was a resident of Lincoln County, West Virginia, within the Southern District.

2.  The Lincoln County Sheriff's Department is a law enforcement agency within the State of West Virginia, a subdivision of the Defendant County Commission of Lincoln County, West Virginia.

3.  Defendant Gary Linville at all times relevant to this complaint, was the Sheriff for the Lincoln County Sheriff's Department, acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual and official capacity.

4.  Defendant Rex Clark at all times relevant to this complaint, was the Chief Deputy for the Lincoln County Sheriff's Department, acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual and official capacity.

5.  Defendant Anthony Adkins, at all times relevant to this complaint, was a Deputy for the Lincoln County Sheriff's Department, acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual and official capacity.

6.    Defendant Zac Sowards at all times relevant to this complaint, was the Process
      Server for the Lincoln County Sheriff's Department, acting under the color of
      law and acting in concert with the Deputies of the Lincoln County Sheriff's
      Department while a process server in the employment of the Lincoln County
      Sheriff's Department.  Said Defendant is sued in his individual and official
      capacity.

7.    The Hamlin Police Department is a law enforcement agency within the State of
      West Virginia and is the employer of Alan Ashworth.

8.    Defendant Alan Ashworth, at all times relevant to this complaint, was an Officer
      for the Hamlin Police Department, acting under the color of law and within the
      scope of his employment.  Said Defendant is sued in his individual and official
      capacity.


## FACTS

9.    The Plaintiff incorporates by reference paragraphs 1-8, supra.

10.   On or about the 31st day of March, 2017,  the Plaintiff was at his residence when
      the Lincoln County Sheriff's Department officers and its process server and an
      officer the Hamlin Police Department entered the Plaintiff's residence by way of
      force, absent an arrest warrant and/or a search warrant, and proceeded to search
      the residence and inflict bodily injury upon plaintiff Miller by forcefully striking
      him repeatedly.

11.    While at Plaintiff's residence the Defendants confiscated the Plaintiff's side-by-
       side.   Additionally, the Defendants forcibly removed the Plaintiff's security
       system which was installed in the residence and confiscated the system and the
       security tapes.

12.    The plaintiff was taken into custody and due to the severity of the injuries
       inflicted upon him by the Lincoln County Deputies, the Process Server from the
       Lincoln County Sheriff's Office and the Officer from the Hamlin Police
       Department, he was immediately transported from his residence to the
       Emergency Room at St. Mary's Hospital located in Huntington, West Virginia.
       Plaintiff's injuries included a collapsed lung.

13.    While being treated in the Emergency Room at St. Mary's, Plaintiff was
       informed by a Lincoln County Deputy who was not involved in the beating of
       the Plaintiff that he was being released from custody.

14.    After being treated in the Emergency Room at St. Mary's, Plaintiff was admitted
       to the hospital where he remained for several days.   Upon his release Plaintiff
       was transported to his residence in Lincoln County by a taxi cab, which cab fare
       was paid by the Lincoln County Sheriff's Department.

15.    Although Plaintiff was never formally charged at any time, the charges of Fleeing
       or Attempting to Flee from Law-Enforcement while under the influence; Fleeing
       from officer; Obstructing Officer; and Brandishing deadly weapons; threatening
       or causing breach of peace are listed on Plaintiff's police report as generated by

the West Virginia Judiciary Search Engine.  At the time Plaintiff was assaulted by the Deputies, the Process Server and the Hamlin Police Officer and taken into custody, he was never informed of any charges that were the alleged basis of the arrest.  Plaintiff only learned of the charges listed above after he reviewed the report.

16.     During a review of the report, Plaintiff learned that all of the charges against him were dismissed on the same date the Plaintiff was beaten and taken into custody.

## STATE LAW CLAIMS
## COUNT I

17.     Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 16 of this **COMPLAINT**.

18.     Count I alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia.

19.     The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under Article III, Section 6 of the West Virginia Constitution, which incorporates the constitutional rights guaranteed to Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

20.     The actions of defendants Linville, Clark, Adkins, Ashworth and Sowards were done in bad faith, were done maliciously, and were in violation of clearly established law, or in a wanton or reckless manner.

21.    As a proximate result of Defendants' actions, the Plaintiff sustained physical,
       mental and emotional damages, incurred medical expenses, suffered
       embarrassment, humiliation, annoyance, inconvenience, and suffered
       otherwise, and is entitled to recover damages for the same.

## COUNT II

22.    Plaintiff incorporates herein by reference the allegations contained in Paragraph
       Nos. 1 through 21 of this complaint as if re-stated herein verbatim.

23.    Defendant Lincoln County Sheriff's Department is vicariously liable for the acts
       referred to hereinabove of Defendants Linville, Clark, Adkins, and  Sowards
       which acts were committed within the scope of their employment and/or as an
       employee of the Lincoln County Sheriff's Department.

24.    Furthermore, Defendant Lincoln County Sheriff's Department has the
       authority to formulate, implement, and administer the policies, customs, and
       practices of Defendant Lincoln County Sheriff's Department and the
       actions of Defendant Lincoln County Sheriff's Department's agents and
       employees represent the official policy of Defendant Lincoln County
       Sheriff's Department.

25.    Upon information and belief, Defendant Lincoln County Sheriff's Department

promulgated, promoted, implemented, formulated, and/or administered a number of policies, customs, and/or practices that violated the constitutional rights guaranteed to the Plaintiff under Article III, Sections 1, 5, 10, and 14 of the West Virginia Constitution. The factual basis for this allegation will be developed in discovery.

26.   As a proximate result of Defendants' actions, the Plaintiff is entitled to recover damages including, but not limited, to the following:

      A.   Physical pain and suffering,

      B.   Emotional pain and suffering,

      C.   Past, present and future medical treatment,

      D.   Embarrassment, humiliation, annoyance, inconvenience

27.   As a proximate result of Defendants' actions, Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, sustained lost wages and suffered otherwise, and is entitled to recover damages for the same.

## COUNT III

28.   Plaintiff incorporates herein by reference the allegations contained in Paragraph Nos. 1 through 27 of this complaint as if re-stated herein verbatim.

29.    Defendant Hamlin Police Department is vicariously liable for the acts referred to hereinabove of Defendant Ashworth which acts were committed within the scope of his employment.

30.    Furthermore, Defendant Hamlin Police Department has the authority to formulate, implement, and administer the policies, customs, and practices of Defendant Hamlin Police Department and the actions of Defendant Hamlin Police Department's agents and employees represent the official policy of Defendant Hamlin Police Department.

31.    Upon information and belief, Defendant Hamlin Police Department promulgated, promoted, implemented, formulated, and/or administered a number of policies, customs, and/or practices that violated the constitutional rights guaranteed to the Plaintiff under Article III, Sections 1, 5, 10, and 14 of the West Virginia Constitution. The factual basis for this allegation will be developed in discovery.

32.    As a proximate result of Defendants' actions, the Plaintiff is entitled to recover damages including, but not limited, to the following:

        A.    Physical pain and suffering,

        B.    Emotional pain and suffering,

        C.    Past, present and future medical treatment,

        D.    Embarrassment, humiliation, annoyance, inconvenience

33.     As a proximate result of Defendants' actions, Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, sustained lost wages and suffered otherwise, and is entitled to recover damages for the same.

**COUNT III**

34.     Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 33 of this **COMPLAINT**.

35.     Defendant Lincoln County Sheriff's Department failed to exercise reasonable care in the hiring, retention, and/or supervision of its employees, Defendants Linville, Clark, Adkins and Sowards. Moreover, Defendant Lincoln County Sheriff's Department is **vicariously** liable for the actions of its' employees.

36.     Defendant Hamlin Police Department failed to exercise reasonable care in the hiring, retention, and/or supervision of its employee Defendant Ashworth. Moreover, Defendant Hamlin Police Department is **vicariously** liable for the actions of its' employees.

37.     As a proximate result of Defendants' actions, the Plaintiff is entitled to recover damages including, but not limited, to physical, mental and emotional damages, incurred medical expenses, suffered embarrassment, humiliation,

annoyance, inconvenience, and suffered otherwise, and are entitled to recover damages for the same.

## COUNT IV

38.   Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 37 of this **COMPLAINT**.

39.   The actions of Defendants were unnecessary, against protocol, reprehensible, fraudulent, willful and wanton, malicious, and in blatant and intentional disregard of the Plaintiff's rights, thereby justifying an award of punitive damages.

40.   As a proximate result of Defendants' actions, Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, sustained lost wages, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, and suffered otherwise, and is entitled to recover damages for the same.

## COUNT V

41.   Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 40 of this **COMPLAINT**, as if re-stated verbatim herein.

42.     The actions of the Defendants Linville, Clark, Adkins, Sowards and Ashworth constitute battery upon the Plaintiffs and is actionable *per se.*

43.     As a proximate result of Defendants' actions, Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, sustained lost wages, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, and suffered otherwise, and is entitled to recover damages for the same.

## COUNT VI

44.     Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 43 of this **COMPLAINT**, as if restated herein verbatim.

45.     The actions of individual defendants as aforesaid were outrageous, constitute the intentional infliction of mental, physical and emotional distress, were reprehensible, fraudulent, willful and wanton, malicious, and in blatant and intentional disregard of Plaintiff's rights, thereby justifying an award of punitive damages.

46.     As a proximate result of Defendants' actions, Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, sustained lost wages, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, and suffered otherwise, and is entitled to recover damages for the causes of action complained of herein against the Defendant Lincoln County Sheriff's

Department, the Hamlin Police Department and the individual defendants in their official capacities. Plaintiff seeks only to recover to the extent said defendants are covered by liability insurance, except as to the individual defendants in their individual capacity and do not seek to recover taxpayer payments.

## FEDERAL LAW CLAIM
## EXCESSIVE FORCE COGNIZABLE UNDER 42 U.S.C. 1983

47.     The Plaintiff incorporates by reference paragraphs 1-46 above.

48.     No objectively reasonable police officer would have believed, based upon the actual facts of the case, that the beating of the Plaintiff was reasonable and in good faith.

49.     Said defendants' actions were objectively unreasonable, unlawful, unwarranted, and in violation of the said Plaintiff's clearly-established procedural and substantive rights, of which a reasonable police officer should have known, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and its counterparts in the West Virginia Constitution. Said Defendants' actions were willful, wanton, intentional, malicious and done with callous and reckless disregard for the Plaintiff's constitutional rights.

## PRAYER

WHEREFORE, based on the above stated facts, the Plaintiff respectfully requests that this Honorable Court award:

Damages against Defendants in an amount to be determined at trial which will fairly and reasonably compensate the Plaintiff for:

a.  Past, present and future economic damages;

b.  Past, present and future pain and suffering;

c.  Loss of enjoyment of life;

d.  Annoyance, aggravation and inconvenience, embarrassment, and humiliation,

e.  Psychological, emotional distress; and

f.  Any other compensatory damages to be proven at trial;

g.  Punitive damages against the individual defendants in an amount to be determined at trial;

h.  Reasonable attorney fees and costs;

i.  Any other relief that this Court deems just and equitable;

j.  All other damages provided by law;

k.  Injunctive relief requiring appropriate training, supervision and discipline in order to remedy all constitutional deprivations which the Plaintiff suffered; and

l.      Declaratory judgment relief establishing the Defendants' above-described

        conduct violate the Plaintiff's clearly established constitutional rights.


**PLAINTIFF DEMANDS A TRIAL BY JURY.**


                                        **WILLIAM MILLER,**
                                        **by Counsel**



Joseph H. Spano, Jr., Esq.
Pritt & Spano
714 ½ Lee Street East
Suite 204
Charleston, WV 25301
WV Bar #11373