# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**WILLIAM MILLER,**

    Plaintiff,

v.                                          Civil Action No. **2:18-CV-00412**
                                          Honorable John T. Copenhaver, Jr.

**LINCOLN COUNTY COMMISSION,**
d/b/a Lincoln County Sheriff's Department;
**GARY LINVILLE, Sheriff; REX CLARK,**
Chief Deputy; **ANTHONY ADKINS, Deputy;**
**ZAC SOWARD, individually and in their**
Official capacities; **TOWN OF HAMLIN;** and
**ALAN ASHWORTH, individually and in his**
official capacity as a Hamlin Police Officer,

    Defendants.

## DEFENDANT ZAC SOWARDS' ANSWER TO PLAINTIFF'S COMPLAINT

For answer to the Complaint, filed herein by the plaintiff, the defendant, Zac Sowards[1] ("Defendant") states:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted, and, therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

1. This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 1 of plaintiff's Complaint and, therefore, denies the same.

---

[1] The Complaint contains a misnomer; this defendant is named Zac Sowards.

2. This defendant denies the allegations contained in Paragraph 2 of plaintiff's Complaint and demands strict proof thereof.

3. In response to Paragraph 3 of plaintiff's Complaint, this defendant admits the first sentence. The second sentence is a statement of law or argument to which no admission or denial is required. Otherwise, denied.

4. In response to Paragraph 4 of plaintiff's Complaint, this defendant admits the first sentence. The second sentence is a statement of law or argument to which no admission or denial is required. Otherwise, denied.

5. In response to Paragraph 5 of plaintiff's Complaint, this defendant admits the first sentence. The second sentence is a statement of law or argument to which no admission or denial is required. Otherwise, denied.

6. This defendant denies the allegations contained in Paragraph 6 of plaintiff's Complaint and demands strict proof thereof.

7. This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 7 of plaintiff's Complaint and, therefore, denies the same.

8. This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 8 of plaintiff's Complaint and, therefore, denies the same.

9. In response to Paragraph 9 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-8 of the Complaint.

10. This defendant denies the allegations contained in Paragraph 10 of plaintiff's Complaint and demands strict proof thereof.

11. This defendant denies the allegations contained in Paragraph 11 of plaintiff's Complaint and demands strict proof thereof.

12. In response to Paragraph 12 of plaintiff's Complaint, this defendant admits that plaintiff was transported from his residence to the Emergency Room at St. Mary's Hospital located in Huntington, West Virginia. This defendant denies the remaining allegations contained in Paragraph 12.

13. In response to Paragraph 13 of plaintiff's Complaint, this defendant admits that plaintiff was released from custody. This defendant denies the remaining allegations contained in Paragraph 13.

14. This defendant denies the allegations contained in Paragraph 14 of plaintiff's Complaint and demands strict proof thereof.

15. This defendant denies the allegations contained in Paragraph 15 of plaintiff's Complaint and demands strict proof thereof.

16. This defendant denies the allegations contained in Paragraph 16 of plaintiff's Complaint and demands strict proof thereof.

17. In response to Paragraph 17 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-16 of the Complaint.

18. Paragraph 18 of plaintiff's Complaint contains a statement of law or argument to which no admission or denial is required. Otherwise, denied.

19. This defendant denies the allegations contained in Paragraph 19 of plaintiff's Complaint and demands strict proof thereof.

20. This defendant denies the allegations contained in Paragraph 20 of plaintiff's Complaint and demands strict proof thereof.

21. This defendant denies the allegations contained in Paragraph 21 of plaintiff's Complaint and demands strict proof thereof.

22. In response to Paragraph 22 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-21 of the Complaint.

23. This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 23 of plaintiff's Complaint and, therefore, denies the same.

24. This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 24 of plaintiff's Complaint and, therefore, denies the same.

25. This defendant denies the allegations contained in Paragraph 25 of plaintiff's Complaint and demands strict proof thereof.

26. This defendant denies the allegations contained in Paragraph 26 of plaintiff's Complaint and demands strict proof thereof.

27. This defendant denies the allegations contained in Paragraph 27 of plaintiff's Complaint and demands strict proof thereof.

28. In response to Paragraph 28 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-27 of the Complaint.

29. This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 29 of plaintiff's Complaint and, therefore, denies the same.

30. This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 30 of plaintiff's Complaint and, therefore, denies the same.

31. This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 31 of plaintiff's Complaint and, therefore, denies the same.

32. This defendant denies the allegations contained in Paragraph 32 of plaintiff's Complaint and demands strict proof thereof.

33. This defendant denies the allegations contained in Paragraph 33 of plaintiff's Complaint and demands strict proof thereof.

34. In response to Paragraph 34 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-33 of the Complaint.

35. This defendant denies the allegations contained in Paragraph 35 of plaintiff's Complaint and demands strict proof thereof.

36. This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 36 of plaintiff's Complaint and, therefore, denies the same.

37. This defendant denies the allegations contained in Paragraph 37 of plaintiff's Complaint and demands strict proof thereof.

38. In response to Paragraph 38 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-37 of the Complaint.

39. This defendant denies the allegations contained in Paragraph 39 of plaintiff's Complaint and demands strict proof thereof.

40. This defendant denies the allegations contained in Paragraph 40 of plaintiff's Complaint and demands strict proof thereof.

41. In response to Paragraph 41 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-40 of the Complaint.

42. This defendant denies the allegations contained in Paragraph 42 of plaintiff's Complaint and demands strict proof thereof.

43. This defendant denies the allegations contained in Paragraph 43 of plaintiff's Complaint and demands strict proof thereof.

44. In response to Paragraph 44 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-43 of the Complaint.

45. This defendant denies the allegations contained in Paragraph 45 of plaintiff's Complaint and demands strict proof thereof.

46. This defendant denies the allegations contained in Paragraph 46 of plaintiff's Complaint and demands strict proof thereof.

47. In response to Paragraph 47 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-46 of the Complaint.

48. This defendant denies the allegations contained in Paragraph 48 of plaintiff's Complaint and demands strict proof thereof.

49. This defendant denies the allegations contained in Paragraph 49 of plaintiff's Complaint and demands strict proof thereof.

50. This defendant denies each and every allegation to plaintiff's Complaint which is not specifically and expressly admitted herein.

## THIRD DEFENSE

Punitive damages are prohibited by West Virginia Code § 29-12A-7.

## FOURTH DEFENSE

Defendant asserts and preserves the defenses and immunities contained in West Virginia Code § 29-12A-1 et seq. and West Virginia Code § 7-14A-1 et seq., including, but not limited to, West Virginia Code § 7-14A-4.

## FIFTH DEFENSE

Defendant raises and preserves the defenses of qualified immunity and any other immunity or immunities available to this defendant pursuant to the United States Constitution, the West Virginia State Constitution and the West Virginia Code.

## SIXTH DEFENSE

The alleged injuries of the plaintiff were caused by the misconduct, acts or omissions of others whom this defendant had no control of or were caused by plaintiff and/or an unrelated vehicle accident plaintiff was involved in.

## SEVENTH DEFENSE

This defendant raises and preserves the defenses of insufficiency of process and insufficiency of service of process, lack of personal and/or subject matter jurisdiction.

### EIGHTH DEFENSE

The Complaint, to the extent that it seeks punitive damages, violates defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of West Virginia, and therefore, fails to state a cause of action upon which punitive damages can be awarded.

### NINTH DEFENSE

The Complaint, to the extent it seeks punitive damages, violates defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 3, Section V of the Constitution of the State of West Virginia, and violates defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of West Virginia and therefore fails to state a cause of action supporting the punitive damages claimed.

### TENTH DEFENSE

This defendant asserts and preserves the affirmative defenses of absolute and qualified immunity. *Harlow v. Fitzgerald*, 457 U. S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Clark v. Dunn*, 465 S.E.2d 374 (W. Va. 1995); and *State v. Chase Securities, Inc.*, 424 S.E.2d 591, 595 (W. Va. 1992).

### ELEVENTH DEFENSE

This defendant is immune from suit because his conduct was not in contravention of any clearly established Constitutional right or privilege of the plaintiff.

## TWELFTH DEFENSE

Plaintiff had committed a serious crime in the presence of this defendant and another officer and was lawfully detained, apprehended and/or arrested by one or more of the defendants.

## THIRTEENTH DEFENSE

To the extent that plaintiff is making a claim for simple negligence or vicarious liability, those claims are barred by the Governmental Tort Claims and Insurance Reform Act.

## FOURTEENTH DEFENSE

This defendant denies that he is liable to plaintiff in any amount or that plaintiff is otherwise entitled to the recovery and/or the relief sought from this defendant in plaintiff's Complaint.

## FIFTEENTH DEFENSE

This defendant did not engage in any wrongdoing against plaintiff.

## SIXTEENTH DEFENSE

Plaintiff engaged in inappropriate, outrageous, and abrasive conduct toward the defendants.

## SEVENTEENTH DEFENSE

This defendant did not use excessive force on plaintiff and the officer(s) that arrested him had lawful grounds to arrest him.

## EIGHTEENTH DEFENSE

This defendant asserts the affirmative defenses of immunity, statute of limitations, comparative negligence, contributory negligence, and assumption of the risk, and any other affirmative defenses set forth in the Federal Rules of Civil Procedure which may prove applicable following further discovery and factual development in this case.

## NINETEENTH DEFENSE

This defendant asserts any and all affirmative defenses as contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure.

## TWENTIETH DEFENSE

This defendant raises and reserves the right to file additional affirmative defenses including, but not limited to, statute of limitations, counterclaims, cross claims, and/or third-party claims if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

## TWENTY-FIRST DEFENSE

This defendant hereby raises and preserves the defenses of laches, waiver, *res judicata*, accord and satisfaction, and the applicable statute of limitations and repose, to the extent that such defenses may appear applicable following discovery.

<u>TWENTY-SECOND DEFENSE</u>

This defendant reserves the right to raise any and all other defenses which may arise during the course of this litigation.

**WHEREFORE**, defendant, Zac Sowards, prays that plaintiff's Complaint be dismissed, that all relief prayed for therein be denied, and that he be granted his attorney fees and court costs incurred in and about the defense of this action.

**DEFENDANT RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL ISSUES**

        **Zac Sowards**

        **By counsel,**

        s/ James C. Stebbins
        James C. Stebbins, WVSB No. 6674
        **LEWIS GLASSER PLLC**
        P. O. Box 1746
        Charleston, WV 25326
        Telephone: (304) 345-2000
        Facsimile: (304) 343-7999
        jstebbins@lewisglasser.com

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**WILLIAM MILLER,**

    **Plaintiff,**

v.                                      Civil Action No. **2:18-CV-00412**
                                           Honorable John T. Copenhaver, Jr.

**LINCOLN COUNTY COMMISSION,**
d/b/a Lincoln County Sheriff's Department;
**GARY LINVILLE, Sheriff; REX CLARK,**
Chief Deputy; **ANTHONY ADKINS, Deputy;**
**ZAC SOWARD, individually and in their**
Official capacities; **TOWN OF HAMLIN; and**
**ALAN ASHWORTH, individually and in his**
official capacity as a Hamlin Police Officer,

    **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2018, I electronically filed the foregoing **DEFENDANT ZAC SOWARDS' ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joseph H. Spano, Jr., Esq.
Pritt & Spano, PLLC
714 ½ Lee Street, East, Suite 204
Charleston, WV  25301
**COUNSEL FOR PLAINTIFF**

Wendy E. Greve, Esq.
Drannon L. Adkins, Esq.
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
901 Quarrier Street
Charleston, WV  25301
**COUNSEL FOR LINCOLN COUNTY COMMISSION, SHERIFF GARY LINVILLE, CHIEF DEPUTY REX CLARK AND CHIEF DEPUTY ANTHONY ADKINS**

Michael D. Mullins, Esq.
Colton C. Parsons, Esq.
STEPTOE & JOHNSON PLLC
P. O. Box 1588
Charleston, WV 25326-1588
**COUNSEL FOR ALAN ASHWORTH**

Jennifer E. Tully, Esq.
Bailey & Wyant, PLLC
P. O. Box 3710
Charleston, WV 25337
**COUNSEL FOR TOWN OF HAMLIN**

s/ James C. Stebbins
James C. Stebbins, WVSB No. 6674
**LEWIS GLASSER PLLC**
P. O. Box 1746
Charleston, WV 25326
Telephone:     (304) 345-2000
Facsimile:      (304) 343-7999
jstebbins@lewisglasser.com
**COUNSEL FOR DEFENDANT,
ZAC SOWARDS**