**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**WILLIAM MILLER,**

   **Plaintiff,**

v.                                                                                         **Civil Action No. 2:18-cv-00412
Honorable John T. Copenhaver, Jr.**

**LINCOLN COUNTY COMMISSION
d/b/a Lincoln County Sheriff's
Department, GARY LINVILLE, Sheriff,
REX CLARK, Chief Deputy, ANTHONY
ADKINS, Deputy, ZAC SOWARD,
individually and in their official capacities,
TOWN OF HAMLIN, and ALAN
ASHWORTH, Officer, individually and in
his official capacity as a Hamlin Police
Officer,**

   **Defendants.**

## ANSWER

      COMES NOW the Defendant Town of Hamlin, by and through counsel, Jennifer E. Tully and the law firm of Bailey & Wyant, PLLC and hereby files its Answer to Plaintiff's Complaint and states as follows:

      This Defendant states that the matters asserted in this paragraph of the Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

## JURISDICTION

1

This Defendant states that the matters asserted in this paragraph of the Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

## **PARTIES**

1. This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered paragraph 1 of the Complaint, and therefore denies the same and demands strict proof thereof.

2. The statements and allegations contained in numbered paragraph 2 of the Complaint are not directed to this Defendant, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to this Defendant, the same are denied based upon lack of knowledge or information sufficient to determine their truth.

3. The statements and allegations contained in numbered paragraph 3 of the Complaint are not directed to this Defendant, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to this Defendant, the same are denied based upon lack of knowledge or information sufficient to determine their truth.

4. The statements and allegations contained in numbered paragraph 4 of the Complaint are not directed to this Defendant, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to this

Defendant, the same are denied based upon lack of knowledge or information sufficient to determine their truth.

5. The statements and allegations contained in numbered paragraph 5 of the Complaint are not directed to this Defendant, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to this Defendant, the same are denied based upon lack of knowledge or information sufficient to determine their truth.

6. The statements and allegations contained in numbered paragraph 6 of the Complaint are not directed to this Defendant, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to this Defendant, the same are denied based upon lack of knowledge or information sufficient to determine their truth.

7. This Defendant admits the statements and allegations contained in numbered paragraph 7 of the Complaint.

8. This Defendant admits that Ashworth was employed by Hamlin Police Department; however, this Defendant states that the remaining matters asserted in numbered paragraph 8 of the Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

## **FACTS**

9. This Defendant restates and incorporates by reference its responses to Paragraphs 1-8 of Plaintiff's Complaint as if fully stated herein.

10. This Defendant denies the statements and allegations contained in numbered paragraph 10 of the Complaint.

11. This Defendant denies the statements and allegations contained in numbered paragraph 11 of the Complaint.

12. This Defendant denies the statements and allegations contained in numbered paragraph 12 of the Complaint.

13. This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered paragraph 13 of the Complaint, and therefore denies the same and demands strict proof thereof.

14. This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered paragraph 14 of the Complaint, and therefore denies the same and demands strict proof thereof.

15. This Defendant denies the statements and allegations contained in numbered paragraph 15 of the Complaint.

16. This Defendant denies the statements and allegations contained in numbered paragraph 16 of the Complaint.

**STATE OF LAW CLAIMS**
**COUNT I**

17. This Defendant restates and incorporates by reference its responses to Paragraphs 1-16 of Plaintiff's Complaint as if fully stated herein.

18. This Defendant states that the matters asserted in paragraph 18 of the Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

19. This Defendant denies the statements and allegations contained in numbered paragraph 19 of the Complaint.

20. This Defendant denies the statements and allegations contained in numbered paragraph 20 of the Complaint.

21. This Defendant denies the statements and allegations contained in numbered paragraph 21 of the Complaint.

## **COUNT II**

22. This Defendant restates and incorporates by reference its responses to Paragraphs 1-21 of Plaintiff's Complaint as if fully stated herein.

23. The statements and allegations contained in numbered paragraph 23 of the Complaint are not directed to this Defendant, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to this Defendant, the same are denied based upon lack of knowledge or information sufficient to determine their truth.

24. The statements and allegations contained in numbered paragraph 24 of the Complaint are not directed to this Defendant, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to this Defendant, the same are denied based upon lack of knowledge or information sufficient to determine their truth.

25. The statements and allegations contained in numbered paragraph 25 of the Complaint are not directed to this Defendant, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to this Defendant, the same are denied based upon lack of knowledge or information sufficient to determine their truth.

26. This Defendant denies the statements and allegations contained in numbered paragraph 26 (A through D) of the Complaint.

27. This Defendant denies the statements and allegations contained in numbered paragraph 27 of the Complaint.

## **COUNT III**

28. This Defendant restates and incorporates by reference its responses to Paragraphs 1-27 of Plaintiff's Complaint as if fully stated herein.

29. This Defendant denies the statements and allegations contained in numbered paragraph 29 of the Complaint.

30. This Defendant denies the statements and allegations contained in numbered paragraph 30 of the Complaint.

31. This Defendant denies the statements and allegations contained in numbered paragraph 31 of the Complaint.

32. This Defendant denies the statements and allegations contained in numbered paragraph 32 (A through D) of the Complaint.

33. This Defendant denies the statements and allegations contained in numbered paragraph 33 of the Complaint.

## COUNT III [sic]

34. This Defendant restates and incorporates by reference its responses to Paragraphs 1-33 of Plaintiff's Complaint as if fully stated herein.

35. The statements and allegations contained in numbered paragraph 35 of the Complaint are not directed to this Defendant, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to this Defendant, the same are denied based upon lack of knowledge or information sufficient to determine their truth.

36. This Defendant denies the statements and allegations contained in numbered paragraph 36 of the Complaint.

37. This Defendant denies the statements and allegations contained in numbered paragraph 37 of the Complaint.

## COUNT IV

38. This Defendant restates and incorporates by reference its responses to Paragraphs 1-37 of Plaintiff's Complaint as if fully stated herein.

39. This Defendant denies the statements and allegations contained in numbered paragraph 39 of the Complaint.

40. This Defendant denies the statements and allegations contained in numbered paragraph 40 of the Complaint.

## **COUNT V**

41. This Defendant restates and incorporates by reference its responses to Paragraphs 1-40 of Plaintiff's Complaint as if fully stated herein.

42. This Defendant denies the statements and allegations contained in numbered paragraph 42 of the Complaint.

43. This Defendant denies the statements and allegations contained in numbered paragraph 43 of the Complaint.

## **COUNT VI**

44. This Defendant restates and incorporates by reference its responses to Paragraphs 1-43 of Plaintiff's Complaint as if fully stated herein.

45. This Defendant denies the statements and allegations contained in numbered paragraph 45 of the Complaint.

46. This Defendant denies the statements and allegations contained in numbered paragraph 46 of the Complaint.

## FEDERAL LAW CLAIM
## EXCESSIVE FORCE COGNIZABEL UNDER 42 U.S.C. 1983

47. This Defendant restates and incorporates by reference its responses to Paragraphs 1-46 of Plaintiff's Complaint as if fully stated herein.

48. This Defendant denies the statements and allegations contained in numbered paragraph 48 of the Complaint.

49. This Defendant denies the statements and allegations contained in numbered paragraph 49 of the Complaint.

## PRAYER

This Defendant denies the statements and allegations contained in the Wherefore paragraph (a through l) of the Complaint.

This Defendant denies all allegations not specifically admitted.

## FIRST DEFENSE

This Defendant states that at all times relevant hereto, this Defendant acted in good faith and in accordance with clearly established law.

## SECOND DEFENSE

Any and all damages incurred by the Plaintiff were the direct and proximate result of the actions or omissions of the Plaintiff or a person or entity other than this Defendant and are in no way attributable to any wrongdoing on the part of these Defendants.

## THIRD DEFENSE

This Defendant has, at all times, acted within legal rights in the conduct of all their activities and with just cause.

**FOURTH DEFENSE**

This Defendant pleads all immunities, limitations to damages and defenses available to them under the Governmental Torts Claims and Insurance Reform Act, *West Virginia Code*, § 29-12A-1, et seq. and specifically §§29-12A-4 and 29-12A-5.

**FIFTH DEFENSE**

This Defendant raises each and every affirmative defense or matter constituting an avoidance under Rules 8, 9 and 12 under the Federal Rules of Civil Procedure, to the extent that the same may appear applicable, as well as any and all other defenses which may be revealed as appropriate during discovery.

**SIXTH DEFENSE**

This Defendant asserts the affirmative defenses of comparative negligence, contributory negligence, assumption of the risk, estoppel, waiver, statute of limitations, laches, and all other defenses which may be applicable and are required to be affirmatively pled.

**SEVENTH DEFENSE**

This Defendant reserves the right to file additional affirmative defenses, counterclaims, crossclaims, and/or third-party claims if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

**EIGHTH DEFENSE**

At all times material herein, this Defendant acted in an objectively reasonable manner and did not violate any legal rights of the Plaintiff of which this Defendant knew or in the exercise of reasonable diligence should have known.

**NINTH DEFENSE**

This Defendant is entitled to qualified immunity from Plaintiff's claim.

**TENTH DEFENSE**

The claims presented in the Plaintiff's Complaint are or may be barred by the Plaintiff's failure to mitigate damages, if any, in the manner and to the extent required by applicable law.

**ELEVENTH DEFENSE**

Probable cause existed at all times for the actions taken by this Defendant.

**TWELFTH DEFENSE**

This Defendant is immune from liability for Plaintiff's state law claims pursuant to Governmental Tort Claims and Insurance Reform Act, *West Virginia Code*, §§ 29-12A-4 and 29-12A-5.

**THIRTEENTH DEFENSE**

This Defendant is immune from liability for state law claims pursuant to *W. Va. Code*, 29-12A-5(b)(1)-(3) because he acted within the scope of his employment and official

responsibilities as employees of a political subdivision and they did not act with a malicious purpose, in bath faith or in a wanton or reckless manner.

## FOURTEENTH DEFENSE

This Defendant cannot be held liable forth injuries to Plaintiff because they reasonably relied upon standard operating procedures of the Town of Hamlin.

## FIFTEENTH DEFENSE

This Defendant is not guilty of any violation of the United States Constitution, Constitution of the State of West Virginia, or any other Federal or State law.

## SEXTEENTH EFENSE

This Defendant denies that their actions deprived Plaintiff of any right, privilege, or immunity secured by the United States Constitution and laws or the Constitution of the State of West Virginia.

## SEVENTEENTH DEFENSE

The Plaintiff's claims of negligence are not cognizable under the Unites States Constitution or the West Virginia Constitution and, therefore, no remedy is afforded under 42 U.S.C. §1983. Furthermore, this Defendant hereby invokes any and all defenses and or immunities provided by 42 U.S.C. § 1983, *et seq*. and any and all corresponding case law and statutes interpreting the same.

## EIGHTEENTH DEFENSE

Plaintiff's claim for violation of the Fourth Amendment to the United States Constitution is without merit because this Defendant acted reasonably on the basis that there was probable cause to believe that a criminal offense had been committed.

## NINETEENTH DEFENSE

This Defendant had probable cause because the facts and circumstances within their knowledge were sufficient to warrant a prudent law enforcement officer in the circumstances to conclude that the Plaintiff has committed a criminal offense.

## TWENTIETH DEFENSE

Plaintiff's claims for violation of his Fourteenth Amendment rights to due process of law is without merit because the conduct of this Defendant was neither egregious nor did it rise to the level that would "shock the conscious," violate the decencies of civilized conduct, or considered to be intolerable to fundamental fairness with actual intent or reckless disregard to Plaintiff's constitutional rights.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for violation of substantive due process under the Fourteenth Amendment is without merit because the acts of this Defendant was not wholly arbitrary or irrational, but were justified by the circumstances and an important governmental interest.

## TWENTY-SECOND DEFENSE

Plaintiff was not unlawfully detained such that Plaintiff was not deprived liberty without due process of law because the conditions of Plaintiff's detention did not amount to punishment because this Defendant did not have an express intent to punish and the conditions of detention were related to a legitimate non-punitive government objective which did not amount to punishment.

## TWENTY-THIRD DEFENSE

Plaintiff's claims of violation of his substantive due process are without merit because the acts by this Defendant was governmental interests reasonably related to the health, safety, welfare, or morals of the community.

## TWENTY-FOURTH DEFENSE

All injuries and damages alleged by the Plaintiff were due solely to the negligence and/or illegal acts of the Plaintiff and not to any alleged acts or omissions on the part of this Defendant, and said Plaintiff is not entitled to indemnification and/or contribution for his own negligence and/or illegal acts.

## TWENTY-FIFTH DEFENSE

This Defendant did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless or egregious conduct, consequently, there is no factual basis to support Plaintiff's claim for damages against these Defendants.

**TWENTY-SIXTH DEFENSE**

At all times material herein, this Defendant acted in an objectively reasonable manner and did not violate any legal rights of the Plaintiff, of which these Defendants knew or in the exercise of reasonable diligence should have known.

**TWENTY-SEVENTH DEFENSE**

This Defendant conduct was not so atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

**TWENTY-EIGHTH DEFENSE**

Plaintiff negligently or intentionally caused or contributed to his injuries and damages for which he now seeks remuneration in his Complaint.

**TWENTY-NINTH DEFENSE**

Plaintiff is barred from recovering punitive damages against this Defendant pursuant to *West Virginia Code* § 29-12A-7(a) which prohibits an award of punitive or exemplary damages against such political subdivision.

**THIRTIETH DEFENSE**

Although this Defendant denies that they are liable for Plaintiff's state law claims, Plaintiff's non-economic damages, if any, are limited by *West Virginia Code*, § 29-12A-7(b).

## THIRTY-FIRST DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages under 42 U.S.C. §1983 fails because the conduct of this Defendant was neither motivated by evil motive or intent, nor did the conduct of these Defendants involve reckless or callous indifference to Plaintiff's federally protected rights.

## THIRTY-SECOND DEFENSE

The Plaintiff's Complaint, to the extent that it seeks punitive damages from this Defendants, violates these Defendants' right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and Article 3, Section V of the Constitution of the State of West Virginia and violates this Defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of West Virginia; therefore, Plaintiff fails to state a cause of action upon which punitive damages can be awarded.

## THIRTY-THIRD DEFENSE

By virtue of the matters set forth in the Plaintiff's Complaint and all of the defenses herein set forth, the Plaintiff is not entitled to any punitive damages as alleged in the Complaint for the reasons that the alleged conduct of these Defendants cannot be determined in any manner to have been in willful, wanton or reckless disregard for the rights of the Plaintiff, nor did this Defendant willfully, wantonly or recklessly commit any tortuous acts against the Plaintiff.

## THIRTY-FOURTH DEFENSE

This Defendant denies that they engaged in any conduct that violated any of the laws set forth in 42 U.S.C.S. § 1988(b) such that Plaintiff is not entitled to attorney's fees.

## THIRTY-FIFTH DEFENSE

This Defendant reserves the right to seek attorneys' fees pursuant to 42 U.S.C.S. § 1988(b) from Plaintiff such that Plaintiff's claims have been either frivolous, unreasonable, or groundless, or the Plaintiff continued to litigate after the claim clearly became so.

## THIRTY-SIXTH DEFENSE

This Defendant reserves the right to file such cross-claims, counterclaims, and third-party Complaints and other pleadings as may be revealed to be appropriate through discovery as well as reserving the right to seek comparative contribution and/or indemnity against anyone as this Defendants may prove appropriate.

## THIRTY-SEVENTH DEFENSE

The Plaintiff, by his conduct, has waived his right to assert this cause of action.

## THIRTY-EIGHTH DEFENSE

The actions of this Defendant was objectively reasonable in light of the facts and circumstances confronting them at the time force was used and is equal to the amount of force that would have been employed by an objectively reasonable officer in the same or similar circumstances.

## **THIRTY-NINTH DEFENSE**

Defendant Town of Hamlin cannot be held liable for the acts of Defendant Ashworth because there is no "custom" or "practice" in the Hamlin Police Department, either formally or informally approved, or which is persistent and widespread in the practices of its officials that is so permanent and well settled to have the force of law authorizing the use of excessive force.

**THESE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY.**

**TOWN OF HAMLIN,
By Counsel,**

**/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**(304) 345-4222**
**(304) 343-3133**
**jtully@baileywyant.com**

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**WILLIAM MILLER,**

    **Plaintiff,**

**v.**                                                                      **Civil Action No. 2:18-cv-00412**
                                                                      **Honorable John T. Copenhaver, Jr.**

**LINCOLN COUNTY COMMISSION
d/b/a Lincoln County Sheriff's
Department, GARY LINVILLE, Sheriff,
REX CLARK, Chief Deputy, ANTHONY
ADKINS, Deputy, ZAC SOWARD,
individually and in their official capacities,
TOWN OF HAMLIN, and ALAN
ASHWORTH, Officer, individually and in
his official capacity as a Hamlin Police
Officer,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing **"Answer"** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, May 2, 2018:

James C. Stebbins
Lewis Glasser Casey & Rollins, PLLC
300 Summers St., Ste. 700
P. O. Box 1746
Charleston, WV  25326-1746
*Attorney For: Zac Soward*

Joseph  H. Spano, Jr.
Pritt & Spano, PLLC
714 1/2 Lee Street, East, Ste. 204
Charleston, WV  25301
*Attorney For: William Miller*

Michael Mullins
Colton D. Parsons
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
707 Virginia Street, East
PO Box 1588
Charleston, WV  25326-1588
*Attorney For: Alan Ashworth*

Wendy E. Greve
Drannon L. Adkins
Pullin Fowler Flanagan Brown & Poe, P.L.L.C.
901 Quarrier St.
Charleston, WV  25301
*Attorney For: Anthony Adkins, Gary Linville, Lincoln County Commission d/a/ Lincoln County Sheriff's Department, Rex Clark*

**/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**(304) 345-4222**
**(304) 343-3133**
**jtully@baileywyant.com**